Joseph **MURPHY,** William M. Sexton, Gerald M. Sherer, Philip Silverman, Richard N. Outridge, Leo R. Breitman, Nathan Gantcher, Davdi V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, Scott A. Schoen, Dennis A. Klejna, Plaintiffs–Appellants,

v.

Tone Grant, Plaintiff,

v.

**ALLIED WORLD ASSURANCE COMPANY (U.S.), INC.,** Arch Insurance Company, Defendants–Appellees,

John D. Agoglia, Peter McCarthy, Defendants–Counterclaimants–Appellants,

Stephen Grady, Phillip R. Bennet, Edwin L. Cox, Sukhmeet Dhillon, Eric G. Lipoff, Santo C. Maggio, Robert C. Trosten, Frank Mutterrer, Defendants.

Nos. 09–1362–bk(L), 09–1365–cv(Con).

United States Court of Appeals, Second Circuit.

March 23, 2010.

Greg A. Danilow (Michael F. Walsh, on the brief), Weil Gotshal & Manges LLP, for plaintiffs-appellants, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen.

Helen B. Kim (Philip A. Nemecek, on the brief), Katten Muchin Rosenman LLP,

**194**

New York, NY, and Los Angeles, CA, for plaintiff-appellant, Dennis A. Klejna.

Claire P. Gutekunst (Jessica Mastrogiovanni, on the brief), Proskauer Rose LLP, New York, NY, for plaintiff-appellant, Richard N. Outridge.

Larry H. Krantz (David Kirby, on the brief), Krantz and Berman LLP, New York, NY, for plaintiff-appellant, Philip Silverman.

John J. Jerome (Joyce A. Kuhns, on the brief), Saul Ewing LLP, New York, NY, and Baltimore, MD, for plaintiff-appellant, Joseph Murphy.

Stuart I. Friedman (Ivan Kline, on the brief), Friedman & Wittenstein, P.C., New York, NY, for plaintiffs-appellants, William M. Sexton and Gerald M. Sherer.

William Fleming, Gage Spencer & Fleming LLP, New York, NY, for defendants-counterclaimants-appellants John D. Agoglia and Peter McCarthy.

Daniel J. Standish (Marc E. Rindner and Cara Tseng Duffield, on the brief), Wiley Rein LLP, Washington, DC, John H. Eickemeyer, Vedder Price P.C., New York, NY, for defendant-appellee, Arch Insurance Company.

John D. Hughes (Robert W. DiUbaldo, on the brief), Edwards Angell Palmer & Dodge LLP, Boston, MA, and New York, NY, for defendant-appellee, Allied World Assurance Company (U.S.), Inc.

PRESENT: JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges and EVAN J. WALLACH, Judge.*

* The Honorable Evan J. Wallach of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

Appellants, all of whom are, or were, directors or officers of the now-bankrupt brokerage firm Refco, Inc., appeal from an order of the District Court dated March 2, 2009, granting summary judgment to defendants-appellees Arch Insurance Company and Allied World Assurance Company (U.S.), Inc. ("Allied World") (together, "defendants"). Defendants were, at all times relevant, the providers of appellants' excess director and officer liability insurance policies. The District Court granted summary judgment to defendants upon finding that (1) the excess policies' prior knowledge exclusions precluded coverage where *any insured* had knowledge of facts that might give rise to a claim and (2) the claims for which appellants sought coverage all arose from facts that were known by at least one insured at the time the policies were entered into. *XL Specialty Ins. Co. v. Agoglia*, Nos. 08 Civ. 3821, 08 Civ. 4196, 08 Civ. 5252, 2009 WL 1227485, at *8–9, *13 (S.D.N.Y. Apr.30, 2009).[1] We assume the parties' familiarity with the remaining factual and procedural history of the case.

We find no error in the District Court's comprehensive and well-reasoned analysis. First, we agree with the District Court that "[i]n the context of the [prior knowledge exclusions], the words 'any insured' unambiguously preclude coverage for innocent co-insureds." *Id.* at *13. Moreover, because that language in the excess policies cannot be reconciled with the severability provision of the underlying policy, the language in the excess policies controls. *See id.* (citing *Home Ins. Co. v. Am. Home Prods. Corp.*, 902 F.2d 1111, 1113 (2d Cir.1990)).

1. The District Court's Opinion and Order was originally entered on March 2, 2009, but re-entered on April 30, 2009 to correct a scanning error.

We further agree that the prior knowledge exclusions' "arising out of" requirement was satisfied. All of the claims for which appellants sought coverage "arose from the fraudulent concealment of the Refco Receivable" scheme that one of the directors was aware of. *Id.* at *9 (explaining that "New York courts have given the phrase 'arising out of' a 'broad' interpretation, defining it as 'originating from, incident to, or having connection with'" (quoting *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472, 805 N.Y.S.2d 533, 839 N.E.2d 886 (2005))).

Finally, we reject appellants' argument that defendant Allied World is precluded from relying on the prior knowledge exclusion because the language of that exclusion was not part of the "policy binder" that provided the terms of coverage before the final policy issued. We agree with the District Court that the binder's inclusion of an "Inverted Warranty Endorsement as of Inception" was the equivalent of a prior knowledge exclusion and would have been understood as such by the parties. *See id.* at *14–15.

## CONCLUSION

We have considered all of appellants' arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.